J-S63013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL TIMMS | : | |
| | : | |
| Appellant | : | No. 747 EDA 2019 |

Appeal from the Judgment of Sentence Entered December 5, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0012279-2015

BEFORE:   GANTMAN, P.J.E., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY GANTMAN, P.J.E.:        **FILED DECEMBER 20, 2019**

Appellant, Michael Timms, appeals *nunc pro tunc* from the judgment of sentence entered December 5, 2016, following his jury trial convictions for robbery and theft.[1]  For the following reasons, we remand with instructions.

The relevant facts and procedural history of this case are as follows.  On September 29, 2015, Appellant robbed Victim at gunpoint.  Following trial, a jury convicted Appellant of one count each of robbery and theft on August 18, 2016.  The court sentenced Appellant on December 5, 2016, to ten (10) to twenty (20) years' incarceration on the robbery charge, plus costs, and imposed no sentence for the theft charge.  The sentence on the robbery

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 §§ 3701(a)(1)(ii) and 3921(a), respectively.

charge included a "second strike" mandatory minimum term of ten (10) years' imprisonment, pursuant to 42 Pa.C.S.A. § 9714(a)(1).[2]  Appellant filed no post-sentence motions but timely appealed from the judgment of sentence. On January 22, 2018, this Court dismissed the appeal for failure to file a brief.

On November 27, 2018, Appellant timely filed *pro se* his first petition under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546, seeking reinstatement of his right to file post-sentence motions and direct appeal *nunc pro tunc*.  In the petition, Appellant asserted appellate counsel rendered ineffective assistance for failing to file a brief on direct appeal and trial counsel was ineffective for failing to file post-sentence motions to challenge the weight of the evidence.  On December 7, 2018, the PCRA court appointed PCRA counsel, who filed an amended PCRA petition on December 11, 2018, for reinstatement of Appellant's post-sentence motion and direct appeal rights *nunc pro tunc*.  On February 27, 2019, the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc* only but denied his request to reinstate post-sentence motion rights *nunc pro tunc*.  On March 7, 2019, Appellant filed a timely notice of appeal *nunc pro tunc* from the December 5, 2016 judgment of sentence.  The court ordered Appellant on March 11, 2019, to file a concise statement of errors complained of on appeal per Pa.R.A.P.

---

[2] ***See Commonwealth v. Golson***, 189 A.3d 994, 1002 (Pa.Super. 2018) (stating: "No Pennsylvania case has applied ***Alleyne***[***v. United States***, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013)] to sentences enhanced solely by prior convictions").

1925(b); Appellant timely complied on March 22, 2019.

Preliminarily, where the PCRA court reinstates direct appeal rights *nunc pro tunc*, the defendant is not automatically entitled to reinstatement of his post-sentence rights *nunc pro tunc* as well. **Commonwealth v. Liston**, 602 Pa. 10, 977 A.2d 1089 (2009). Nevertheless, a PCRA court can reinstate a defendant's post-sentence rights *nunc pro tunc* if the defendant pleads and proves he was deprived of the right to file and litigate post-sentence motions as a result of ineffective assistance of counsel. **Id.** at 19 n.9, 977 A.2d at 1094 n.9 (noting counsel may be deemed ineffective for failing to file post-sentence motions when claim requires preservation in trial court for purposes of appellate review). **See also Commonwealth v. Rivera**, 154 A.3d 370 (Pa.Super. 2017) (*en banc*), *appeal denied*, 642 Pa. 121, 169 A.3d 1072 (2017) (stating PCRA court properly restored appellant's post-sentencing rights *nunc pro tunc* because one issue appellant wanted to raise required preservation in trial court).

Instantly, Appellant expressly sought reinstatement of his post-sentence motion rights to challenge the weight of the evidence, which required preservation in the trial court. **See** Pa.R.Crim.P. 607 (stating claim that verdict was against weight of evidence shall be raised with trial judge in motion for new trial orally at any time before sentencing, by written motion before sentencing, or in post-sentence motion). Consequently, restoration of Appellant's direct appeal rights *nunc pro tunc* without restoration of his post-

sentence motion rights *nunc pro tunc*, was essentially an empty gesture. In light of Appellant's stated intent to challenge the weight of the evidence, the PCRA court should have restored Appellant's post-sentencing rights as well. ***See Liston, supra***; ***Rivera, supra***.

Accordingly, we remand the matter to the trial court to reinstate Appellant's post-sentence **and** direct appeal rights *nunc pro tunc*, so Appellant will have an opportunity to litigate in post-sentence motions those issues requiring preservation in the trial court for purposes of appellate review.

Case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/19